IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VERA MARKS, on behalf of J.M., :
:
    Plaintiff, :
:
v. : CIVIL ACTION 09-0425-M
:
MICHAEL J. ASTRUE, :
Commissioner of :
Social Security, :
:
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff[1] seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) for children (Docs. 1, 16). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 24). Oral argument was waived in this action (Doc. 23). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

---

[1] Though this action was actually filed by his mother (Tr. 32), the Court will refer to the minor child as the Plaintiff.

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was five years old and was beginning kindergarten (Doc. 27 Fact Sheet). In claiming benefits, Plaintiff alleges disability due to borderline intellectual functioning, developmental delays, and asthma (*id.*).

The Plaintiff filed an application for SSI on January 19, 2006 (Tr. 72-74). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Marks had severe impairments, they were not severe enough to render him disabled (Tr. 15-29). Plaintiff requested review of the hearing decision (Tr. 7-10) by the Appeals Council, but it was denied (Tr. 2-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Marks alleges the single claim that the ALJ improperly determined that his borderline functioning was not a severe impairment (Doc. 16).

Defendant has responded to—and denies—this claim (Doc. 18). The relevant evidence of record follows.

On May 1, 2006, Thomas S. Bennett, Clinical Psychologist, examined Plaintiff, who was not quite three years old at the time, and noted average activity level for his age (Tr. 192-95). Marks "said a few recognizable words. He did not demonstrate any two word combinations" (Tr. 193). Though alert, he did "not demonstrate any level of orientation;" his fund of information was mildly impaired (*id.*). He "probably functions with mild impairment in the area of abstract reasoning" (*id.*). Marks's "social judgment is slightly below average but not impaired; . . . he is probably limited in his judgment about safety issues" (*id.* at 194). Administration of the Wechsler Pre-school and Primary Scale of Intelligence-Third Edition resulted in a Verbal IQ score of 74, a Performance IQ score of 90, and a Full Scale IQ score of 73, placing him in the borderline range of cognitive ability. The Psychologist's diagnostic impression was borderline intellectual functioning and asthma. Bennett's written comments, though lengthy, were as follows:

> Overall, [Plaintiff] is a child who appears to function in the borderline range intellectually at this time. His motor skills seem to be somewhat better developed than that. He is getting services now for individuals who are developmentally delayed and will get more services in the near future. He probably does have a lifelong history of mental slowness. The test results

3

> are considered to be a valid estimate of his
> actual level of ability. His effort was
> sufficient for the purposes of the testing.
> His activities and interests do not seem to
> be significantly constricted relative to
> other children his age. His ability to
> relate to others is slightly below average
> for his age, but not impaired. His ability
> to function age-appropriately cognitively is
> mildly impaired. His ability to function
> communicatively is mildly to moderately
> impaired. His ability to function socially
> is slightly below average. His ability to
> function adaptively is not measured formally,
> but is probably slightly below average. His
> ability to function behaviorally is slightly
> below average. His concentration,
> persistence, and pace were adequate for the
> purposes of the test and were not outside
> normal age for children his age in this
> evaluation. His presentation and today's
> evaluation is probably fairly consistent with
> his day to day functioning.

(Tr. 195).

Records from the Mobile County Public School System for the 2007-08 school year indicate that Plaintiff is in a "blended preschool program" in which he receives a total of seven and one-half hours of special education services a week for daily living skills, language and literacy, fine motor skills, and math; he has developmental delays, "particularly in communication and self help skills" (Tr. 127, 129-32). Over the course of the school year, Marks showed improvement in designated goals, but still needed help in the following areas: retelling story events and identifying high-frequency words in the language and literacy category; recognizing longest/shortest words and sentences,

4

recognizing number of words and word families/rhyming words in the phonological category; and, in mathematics, sorting objects by characteristics and identifying, describing, copying, and extending patterns (Tr. 151).  Plaintiff was found to be satisfactory in all measures of initiative and social relations as well as the following measures:  in language and literacy, identifying alphabet letters, printing his name correctly, using complete sentences, and identifying letter sounds; and, in mathematics, recognizing numerals, matching sets of objects, counting objects using 1-1 correspondence, and recognizing shapes (Tr. 151).  This is the conclusion of all of the evidence cited by Plaintiff (*see* Doc. 16).

    The ALJ determined that although Marks had severe impairments of asthma and a developmental delay, they were not severe enough to render him disabled (Tr. 21).  The ALJ specifically found that Plaintiff did not "have a severe mental or emotional impairment" (*id.*).  Nevertheless, the ALJ went through domain analysis and determined that Plaintiff had less than marked limitation in acquiring and using information, no limitation in attending and completing tasks, less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, less than marked limitation in the ability to care for himself, and less than marked limitation in health and physical well-being as defined in

20 C.F.R. § 416.926a(g-l) (Tr. 23-29).

The only claim raised by Plaintiff is that the ALJ improperly determined that his borderline functioning was not a severe impairment (Doc. 16).  In *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999), the Eleventh Circuit Court of Appeals held that "[a] severe impairment is one that is more than 'a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations.'"  *Wilson*, 179 F.3d at 1278 (*quoting* 20 C.F.R. § 416.924(c)).

The Court finds substantial support for the ALJ's conclusion that Marks's borderline intellectual functioning is not severe. The report by Psychologist Bennett fully supports this determination; though Bennett found mild-to-moderate impairments during his examination, he indicated no severe impairments at all.  While the school records indicate deficiencies, it is difficult to quantify them on a scale measuring degree of impairment.

In any event, even if these limitations are severe, the ALJ has explained his conclusions relative to the domain analysis, finding that Marks did not meet the requirements of any of the Listings.  Plaintiff has not challenged this determination.  This being the case, the ALJ's finding that Marks's borderline intellectual functioning is not a severe impairment would amount to, at most, harmless error.

Plaintiff has raised a single claim in bring this action. That claim is without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 3rd day of March, 2010.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE